GARRISON, Judge.
This is an appeal from a judgment of the district court rendered February 29, 1984 as follows:
“IT IS ORDERED, adjudged and decreed that there be judgment herein in favor of *105 the plaintiff and against the defendants, jointly and in solido, condemning them to pay, in compliance with the lease, the full amount of the rent past due in the sum of $5,340.00, and reserving the right of plaintiff to proceed at a later date for the remaining rent installments, and attorney fees of 15% for a total judgment of $6,141.00, and for legal interest from judicial demand and for all costs of these proceedings.”
The entire transcript of these proceedings is as follows:
PROCEEDINGS
THE COURT: The matter is being submitted by both parties, and in accordance with the submission, there will be Judgment as prayed, and I think you have the Judgment with you?
MR. REESE: Your Honor, my exception of no right of action be maintained and in this Judgment it is not against Brent Baudy, personally, but against Baudy Trucking Company. He signed it.
MR. TOYE: Signed as Brent M. Baudy, President of Baudy Trucking and Storage Company, Inc., both of them.
THE COURT: That would make it a corporate liability.
Exception will be maintained and the Judgment is against Baudy Trucking and Storage Company, Incorporated.
MR. TOYE: At this time is it possible for me to request the payment of the rent up to this time inasmuch as it is in our lease?
THE COURT: You can get a petition to supplement this one. Just file a supplemental and amended petition.
* ⅜ ⅜ * * ⅜
REPORTER’S CERTIFICATE
I, GRACIE C. O’ROURKE, Certified Shorthand Reporter, hereby certify that the foregoing is a true and correct transcript of my stenographic notes taken in this proceedings, to the best of my ability and understanding.”
Our clerk’s office has contacted the Civil District Court clerk’s office and ascertained that there are no depositions missing. Our clerk’s office also contacted the court reporter who checked her notes and ascertained that there is no more to the transcript. Apparently, the case was submitted on the pleadings, such as they are.
On October 31,1983, plaintiff Yellow Cab filed a petition against Baudy Trucking & Storage Company and Brent M. Baudy, Sr. alleging the following:
“I.
That, by an act under private signature, dated the 20th day of July, 1982, a copy of which said act is annexed hereto and made a part hereof, petitioner leased vacant land in Square 108, lots 1, 17,18,19, 20, A and X bounded by Annunciation, Market, Chippewa and Felicity streets in the City of New Orleans to Brent M. Baudy and Baudy Trucking and Storage Co., Inc. having a fixed place of business at 601 Market Street in the City of New Orleans, for a term of two (2) years, commencing on the 22nd day of July, 1982, and ending on the 21st day of July, 1984, and for a monthly rental of One Thousand, Seven Hundred and Eighty and no/100 ($1,780.00) Dollars payable monthly and in advance.
II.
That, in violation of the lease, the lessee, Brent M. Baudy and Baudy Trucking and Storage Co., Inc., failed to pay the rent for the months of June, July, August and September of this year, 1983, notwithstanding amicable demand, and that, in compliance with the terms of the lease, lessor cancelled the lease on September 23,1983 by letter, requesting payment of the past due rent and reserving its right to proceed later for the remaining installments.”
Plaintiff then prayed for judgment.
Attached to the petition was a copy of the lease, parts of which are reproduced below:

*106

*107

In response thereto, defendant filed on December 9, 1983 an answer which was a general denial to paragraphs I and II of plaintiffs petition. On that same day, defendant also filed an exception of no right of action as follows:
“That the plaintiff herein has no right of action in the present cause in that defendant, Brent M. Baudy, Sr., was acting as agent for the defendant, Baudy Trucking and Storage, Inc., and is not liable individually, therefore, plaintiff has no right of action against defendant, Brent M. Baudy, Sr.”
A motion to set for trial was filed December 13,1983 and pursuant to a notice of trial dated January 16, 1984, the matter was set for February 29, 1984. The “transcript” of said trial was reproduced above.
On appeal, defendant-appellant argues as follows:
“On or about July 10,1982, appellee petitioner, Yellow Cab Company, appellant and defendant, Baudy Trucking and Storage Co., Inc., executed a lease for premises located at 601 Market Street, New Orleans, LA., to be used as a storage facility.
During early 1983, defendant-appellant experienced problems with the roof of the property, which leaked, thereby causing damage to stored materials. It became incumbent upon defendant appellant to move the stored materials to prevent further damage. Defendant-appellant made amicable demand upon petitioner-appellee for reimbursement to no avail.
On or about October 31, 1983, petitioner-appellee brought suit against defendant-appellant for non-payment of rent. Trial was held on February 29, 1984, wherein judgment was rendered on behalf of petitioner-appellee, (sic) defendant-appellant appeals.”
* * He * * *
“ARGUMENT
The lease executed between petitioner-appellee and defendant-appellant clearly states in Lines 63 through 67, to wit, ‘... Lessor will not be responsible for damage caused by leaks in the roof ... except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects ... ’
Upon discovery of a leaky downspout that caused water to collect in the floor of the premises, defendant-appellant sent notice to petitioner appellee of the problems, requesting repair and reimbursement of cost incurred in moving stored materials to avoid damage. This was to no avail. At trial, the defendant-appellant pointed out to the court that these costs had been incurred “as a result of the building being unfit for its intended purpose and the afore warranted a credit or set off for the costs incurred. The court refused to consider this and defendant-appellant asserts that this was clearly wrong.
Under L.S.A.-C.C. Art. 2694, the Civil Code provides that if a lessor refuses or neglects to make repairs, the tenant may make the repairs, and deduct repairs from the rent, provided that the repairs were indispensable and the price was reasonable. In this instance, defendant-ap *108 pellant was in the storage business. Due to the deleterious condition of the premises, it was necessary to take action immediately to avoid damage to stored materials. Had the building been in good condition and/or repairs been made, these costs would not have been incurred. Therefore, the trial court should have considered this defense and set-off the costs incurred to the money owed. The court’s failure to do this was clearly wrong.” (emphasis added).
Plaintiff-appellee argues that the leased premises was vacant land located at 800 Market Street and there is no building, roof or floor. Plaintiff-appellee’s brief further states:
“On several occasions during the trial on the non-payment of rent appellant-defendants Attorney brought up the subject of a leaking roof On each occasion he was apprised of the fact that the property in question was uncovered vacant land.” (emphasis added).
As is apparent from the lease quoted above, the lease describes the property as “Vacant Land” and may be in the 800 block of Market Street. It is equally apparent from defendant’s brief that they believe they were renting the premises at 601 Market Street, including a building with a roof. This court could review the transcript, but there really isn’t one. Both plaintiff’s and defendant’s references to comments made during “the trial” which are not contained in the transcript reproduced in its entirely herein, lead one to believe that part of the transcript is missing.
This court is a court of record. On the record as before this court, plaintiff presented absolutely no proof of the allegations in its petition. Accordingly, judgment was improperly granted. This court could simply reverse the judgment below on plaintiff’s failure to carry its burden of proof, but it would be more equitable to declare this a mistrial, vacate the judgment, and remand the matter for a full hearing.
For the reasons discussed, the judgment of the district court is vacated and set aside, and the case is remanded for a full hearing.
VACATED AND SET ASIDE.